IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL MCCLURKIN, STEPHEN WILCZEK, TANYA HEILMAN FETHER, ETHAN SMITH, and BERNARD POWERS, on behalf of themselves and ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiffs<br><br>v.<br><br>ELIOT MANAGEMENT GROUP, LLC<br><br>        Defendant. | Civil Action No.  3:11-cv-3499<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR WAGE AND HOUR DAMAGES<br><br>AND<br><br>DEMAND FOR JURY |

COME NOW the Plaintiffs, MICHAEL MCCLURKIN, STEPHAN WILCZEK, TANYA HEILMAN FETHER, ETHAN SMITH and BERNARD POWERS for themselves and for all others similarly situated ("Plaintiffs"), and for cause of action against the above-named Defendant, allege as follows:

**I. NATURE OF THE ACTION**

1.1    This action is brought to obtain equitable and monetary relief for violations of the Minimum Wage Laws of the state of Texas, Washington, Oregon, Colorado, California, Idaho, Illinois, Minnesota, Missouri, Oklahoma, South Carolina, Wisconsin, Arizona, Florida, Indiana, Louisiana, North Carolina, Nebraska, New Mexico, Nevada, New York, Ohio, and Utah (collectively, "Plaintiff States"), and for violations of the other rights, obligations, privileges and benefits owed to Plaintiffs by Defendant ELIOT MANAGEMENT GROUP, LLC (hereinafter "EMG" or the "Defendant") under the laws of these Plaintiff states.

1.2     This action challenges Defendant's denial to Plaintiffs of the rights, obligations, privileges and benefits owed to them as employees, including without limitation the right to be paid the minimum hourly wage applicable in the Plaintiff States.

## II. PARTIES

2.1     Plaintiff MICHAEL MCCLURKIN is an individual who currently is a resident of Tacoma, Washington.  Plaintiff MICHAEL MCCLURKIN worked as an Account Representative[1] for Defendant in its Tacoma, Washington office from January 2008 through July 2010.

2.2     Plaintiff STEPHEN WILCZEK is an individual who currently is a resident of Tacoma, Washington.  Plaintiff STEPHEN WILCZEK worked as an Account Representative[2] for Defendant in its Tacoma, Washington office from February 2008 through September 2010.

2.3     Plaintiff TANYA HEILMAN FETHER is an individual who currently is a resident of Portland, Oregon.  Plaintiff TANYA HEILMAN FETHER worked as an Account Representative[3] (as Tanya Heilman) for Defendant in its Portland, Oregon, office from April 2007 through February 2009. She worked briefly as an assistant manager for Defendant in 2009 but subsequently served again as an Account Representative after October 2009.

---

[1] The Sales Employees have different titles which only differ by the length of their employment and the aggregate sales points they have accumulated. *See Employee Handbook* pp. 12-13 (attached hereto as **Ex. A**). Accordingly, the Plaintiffs and the Class Members will be referenced herein as "Account Representatives." However, this term shall by definition incorporate all of the Sales titles described in **Ex. A**.

[2] See note 1, *supra*, at 2.

[3] See note 1, *supra*, at 2.

**First Amended Complaint**
*McClurkin v. Eliot Management Group, LLC*                                        **Page 2**
N.D. Tex. Civ. No.   3:11-cv-3499

2.4     Plaintiff ETHAN SMITH is an individual who currently is a resident of Portland, Oregon.  Plaintiff ETHAN SMITH worked as an Account Representative[4] for Defendant in its Lake Oswego, Oregon, office in 2007 and 2008.

2.5     Plaintiff BERNARD POWERS[5] is an individual who currently is a resident of Aurora, Colorado.  Plaintiff BERNARD POWERS worked as an Account Representative for Defendant in its Denver, Colorado, office within the Class Period (as defined below).

2.6     Defendant ELIOT MANAGEMENT GROUP, LLC, is a Texas Limited Partnership that operates under several assumed business names including ELIOT MANAGMENT GROUP.  Quick Processing LLC, a Texas Limited Liability Company, is the single general partner of Defendant.  Defendant may be served through its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201, via certified mail.

2.7     The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.  Additionally, the Court has jurisdiction over the fair labor standards act violations alleged below pursuant to 28 U.S.C.A. § 1337.  The Court may exercise supplemental jurisdiction over the state claims set forth herein under 28 U.S.C.A. § 1367(a).

2.8     Venue is proper in this district under 28 U.S.C.A. § 1391(a) because a substantial part of the events or omissions giving rise to this claim occurred in this district and because Defendant maintains an office in Dallas, Texas, and was subject to personal jurisdiction in this

---

[4] See note 1, *supra*, at 2.

[5] See note 1, *supra*, at 2.

**First Amended Complaint**
*McClurkin v. Eliot Management Group, LLC*                                    **Page 3**
N.D. Tex. Civ. No.   3:11-cv-3499

district at the time the action was commenced.

### III. FACTUAL ALLEGATIONS

3.1     Defendant states on its website that it is "one of the top privately-owned merchant acquirers in the United States." Defendant sells payment processing equipment and services (hereafter "Products") such as Credit Card processing, Debit Card processing, EBT Card processing, and Check processing. Defendant states that it is "an ever-expanding company with approximately 1,300 associates and more than 120,000 merchants along with hundreds of independent sales agents throughout the United States."

3.2     EMG employed or employs Plaintiffs and Class Members as Account Representatives in its offices in all of the Plaintiff States. Defendant has attempted to avoid Minimum Wage Laws in the Plaintiff States by misclassifying Plaintiffs and Class Members as "outside sales" persons.

3.3     Plaintiffs were not independent contractors. Instead, during their first 90 days of work for EMG and at all times thereafter while working for EMG, Plaintiffs and Class Members were in fact clearly "employees" within the scope of the minimum wage laws and regulations of the Plaintiff States. For example, at all times during their employment, Plaintiffs were required to work eight hours every day at Defendant's offices. Specifically, Plaintiffs were required to be in the office from 8:00 a.m. until 5:00 p.m. every day with an hour for lunch. The only time Defendant allows an Account Representatives to be out of the office is if he or she has an appointment with a client or a potential client. Defendant requires its Account Representatives to sign in and out every day and tracks their time while they work for Defendant. The Account Representative's time is entered into Defendant's database by the Office Sales Assistant. The attendance of all Account Representatives is recorded daily and submitted to the Human

Resource Department.[6] Account Representatives, including Plaintiffs, are required by Defendant to attend a meeting every Monday. On Tuesdays and Thursdays, the Account Representatives are required by Defendant to attend mandatory training sessions and "Call Jams." Defendant also requires Account Representatives to make 500 calls a week from their desks at Defendant's offices. Defendant even employs a call tracking system to insure that the calls are made from Defendant's telephones to potential customers. Account Representatives are also required by Defendant to perform numerous tasks that are not in furtherance of sales. For example, Account Representatives are responsible for the training of clients on the use of equipment sold them and for the installation and maintenance of the equipment as well.

      3.4    Defendant has paid and continues to pay its Account Representatives their pay only in the form of commissions and bonuses. Commissions are paid in the form of residuals for services and equipment sold by the Account Representatives. Each of Defendant's office locations has a Manager, an Office Sales Assistant and two to six Account Representatives. The Manager is on salary. The Office Sales Assistant is paid hourly. However, the Account Representatives are paid only from sales commissions. If the Account Representatives do not sell any Products, they are not paid for the time that Defendant requires them to be in the office or otherwise in Defendant's employ. Moreover, the Account Representatives have worked more than forty hours a week on a routine and regular basis and continue to do so. The Account Representatives are not compensated in any manner for the overtime they work.

      3.5    Defendant also employs Account Representatives in the state of Nevada and Arizona. However, the Account Representatives in those two states are paid on an hourly basis despite the fact that they have the same duties and responsibilities as Plaintiffs. Allegedly, this

---

[6] *Employee Manual* p. 38 (attached as **Ex. B**).

**First Amended Complaint**
*McClurkin v. Eliot Management Group, LLC*                                     **Page 5**
N.D. Tex. Civ. No.   3:11-cv-3499

difference has arisen in the Defendant's policy as a result of litigation, regulatory investigation or legislative changes in Nevada and Arizona on this very issue. Presumably, the Account Representatives in Nevada and Arizona are also compensated for overtime.

3.6     Defendant also requires that training and orientation of new Account Representative's be performed by current Account Representatives without pay. Defendant holds weekly, mandatory training sessions that last between one and four hours. The Account Representatives who receive the training are not paid for these training sessions. The Account Representatives who perform the training also are not paid for these training sessions. Additionally, senior Account Representatives from time to time perform the job duties of the Office Manager without pay.  Finally, for any pay period that an Account Representative has insufficient sales, he or she is paid less than the applicable state minimum wage for the hours he or she has worked that period.

3.7     Defendant withholds federal income taxes and FICA from the pay of its Account Representatives.  Account Representatives are issued W-2 statements for tax reporting services.

3.8     At all relevant times, Defendant EMG was and is an employer subject to the Plaintiff state labor laws. Despite Plaintiff state laws requiring EMG to pay its commissioned employees minimum wages, Defendant has refused and otherwise fails to comply with state minimum wage laws when its commissioned Account Representatives do not generate sufficient sales or when Defendant requires them to work without pay.

3.9     On April 3, 2011, EMG changed its policies regarding payment of its Account Representatives.

## IV.  COLLECTIVE AND CLASS ACTION ALLEGATIONS

FLSA COLLECTIVE ACTION ALLEGATIONS

4.1.    Plaintiffs seek to represent all natural persons who were tendered a paycheck by Defendant for work as an Account Representative during the three years before the filing of the Complaint through the date of the filing period and who were not paid in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 ("Collective Action").

4.2.    Plaintiffs and the Collective-Action Members were not timely paid the wages owing to them.

4.3.    Plaintiffs are similarly situated with the members of the Collective Action in that:

(a) Plaintiffs and the members of the Collective Action were employed by Defendant;

(b) Plaintiffs and the members of the Collective Action were not timely compensated their minimum wages or overtime compensation;

(c) Defendant knowingly and willfully violated provisions of the FLSA, by not paying Plaintiffs and the members of the Collective Action their minimum wages and overtime compensation when due; and

(d) As a result of the Defendant's policy and practice of withholding compensation for all hours worked, including minimum wages, Plaintiffs and the members of the Collective Action have been similarly damaged in that they have not received timely payment of their minimum wages and overtime compensation.

4.4.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the FLSA.

4.5.    All members of the Collective Action during the relevant time period should be

**First Amended Complaint**
*McClurkin v. Eliot Management Group, LLC*                                **Page 7**
N.D. Tex. Civ. No.   3:11-cv-3499

given notice and be allowed to give their consent in writing, *i.e.,* "opt in," the Collective Action pursuant to 29 U.S.C. § 216(b).

CLASS ACTION ALLEGATIONS

    4.6.    This action is also brought as a class action under rule 23 of the Federal Rules of Civil Procedure (as well as a collective action under the FSLA; see Count II, below). Defendant EMG's conduct has been systematic and continuous and has affected and continues to affect large numbers of Defendant EMG employees' pay.  Plaintiffs bring this class action to secure redress for Defendant EMG's uniform and common practice of failing to pay its Account Representatives equivalent minimum wages. Defendant EMG's obligations and conduct have been uniform throughout the Class Period.

    4.7.    Plaintiffs seek certification of the following opt-out class:

- All persons in the Plaintiff States except South Carolina and Louisiana, which have no minimum wage law, (i.e., Texas, Washington, Oregon, Colorado, California, Idaho, Illinois, Minnesota, Missouri, Oklahoma, Wisconsin, Arizona, Florida, Indiana, North Carolina, Nebraska, New Mexico, Nevada, New York, Ohio, and Utah) who are or have been employed by Defendant EMG as Account Representatives during the Class Period.

- The Class Members have been identified in each Plaintiff State based on the statute of limitations in their state.

- The Class Period runs from May 7, 2007 through April 3, 2011.

- Excluded from the Class are Plaintiffs' counsel and the assigned Judge and the Judge's family.

    4.8.    There are two thousand, three hundred, thirty nine (2339) Class Members. Membership in the proposed Class is so numerous as to make it impractical to bring all Class

**First Amended Complaint**
*McClurkin v. Eliot Management Group, LLC*        **Page 8**
N.D. Tex. Civ. No.   3:11-cv-3499

Members before the Court.

  4.9. The named Plaintiffs are typical of members of the class.  They are or were employees of Defendant EMG during the Class Period who worked as Account Representatives. They did not receive pay from Defendant for their work equivalent to the minimum wage established in the state in which they worked at the time of their employment.  They were not paid for their attendance at mandatory training and orientation sessions.  They were not paid for their attendance at mandatory "Call Jam" sessions.  They were not paid for their attendance at weekly evaluation meetings. They were not paid for their mandatory presence daily in EMG offices from 8:00 a.m. to 5:00 p.m. excepting the times they were scheduled to meet with potential clients and actually clients outside the office.

  4.10. There are numerous and substantial questions of law and fact common to all of the Members of the Class which predominate over any individual issues.  Included within the common questions of law and fact are:

   a. Whether Defendant EMG failed to pay Plaintiffs and the Members of the Class equivalent to the Plaintiff States' minimum wage during the class period;

   b. Whether Defendant EMG failed to pay Plaintiffs and the Members of the Class overtime to which they were entitled;

   c. Whether Defendant EMG failed to pay Plaintiffs and the Members of the Class for their attendance at mandatory training and orientation sessions;

   d. Whether the above constitutes violations of the Plaintiff States' wage laws;

   e. Whether the Defendant's conduct was willful and/or intentional;

   f. Whether Defendant EMG misclassified Plaintiffs and the Members of the Class as "outside sales" persons;

   g. Whether Defendant EMG has been unjustly enriched by its

**First Amended Complaint**
*McClurkin v. Eliot Management Group, LLC*          **Page 9**
N.D. Tex. Civ. No.  3:11-cv-3499

          conduct;

    h.    Whether Plaintiffs and the Members of the Class have sustained damages and the proper measure of those damages.

4.11.   Plaintiffs have no interests adverse to the interests of other Members of the Class and will fairly and adequately protect the interests of the Class.

4.12.   Plaintiffs have retained counsel experienced and competent in the prosecution of class actions and complex litigation.

4.13.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Defendant EMG's refusal during the Class Period to pay the equivalent minimum wage and overtime to its employees and to pay for mandatory training and orientation, the Class Members will be unable to obtain the relief to which they are entitled.

4.14.   Most individual Members of the Class have little interest in or ability to prosecute an individual action due to the complexity of the issues involved in this litigation and the relatively small damages suffered by each Member of the Class.

4.15.   This action will allow an orderly and expeditious administration of class claims. Economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured.

4.16.   This action should present no difficulty that would impede its management by the Court as a class action and is the best available means by which Plaintiffs and the Members of the Class can seek redress for the harm caused to them by Defendant EMG.

## VI. CAUSES OF ACTION

### COUNT I

### STATE MINIMUM WAGE LAW VIOLATIONS

5.1 Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

5.2 As an "employer" or as a "person employing labor" within the meaning of the Minimum Wage Laws of the Plaintiff States, Defendant is obligated under the law to pay wages to Plaintiffs and Class Members based upon the number of hours they work and to take only those deductions and withholdings from wages that are required or authorized by law.

5.3 Defendant willfully breached its legal obligations to Plaintiffs and Class Members by engaging in the conduct more specifically described in the paragraphs above in not paying them as required by law and in taking deductions from their pay not authorized by law.

5.4 Defendant has no justification for its past and continuing failure and refusal to pay minimum wages and for its unlawful deductions from the pay of its employees.

5.5 Defendant's conduct constitutes willful violations of the minimum wage laws in the Plaintiff States.

5.6 As a direct and proximate consequence of the foregoing, Plaintiffs and the Members of the Class were damaged by receiving less pay than they were entitled to receive under the Plaintiff States' minimum wage statutes and they are entitled to recover damages, applicable civil penalties, interest, and attorney fees and costs.

### COUNT II

### FLSA

6.1 Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

6.2 Plaintiffs also bring a collective action pursuant to 29 U.S.C.A. § 216 to recover

damages for Defendant's violations of federal minimum wage laws set forth in 29 U.S.C.A. § 206 and federal maximum hours laws set forth in 29 U.S.C.A. § 207 under the Fair labor Standards Act ("FLSA").

6.3   Plaintiffs' state and federal claims involve a single wrong and substantially the same facts. The claims, therefore, are not separate and independent. Moreover, severing the state claims and requiring parallel proceedings in state and federal court would waste judicial and party resources. If the FLSA collective action and the state law class action were severed from each other, numerous practical difficulties would result. First, discovery in the two cases would be largely duplicative and uncoordinated. Second, a ruling in one case could have a preclusive effect in the other. Alternatively, the two courts could make conflicting rulings regarding discovery, relevance, privilege, or other procedural or substantive matters. Keeping these claims in a single forum will avoid needless litigation expenses and promote judicial economy.

6.4   Plaintiffs are "employees" within the broad definition of that term under the FLSA. As evident from the facts recited above, Defendant has a large degree of control which it exercises over its Account Representatives. The employment of Account Representatives by Defendant takes place predominately on the premises of Defendant. Defendant has the power to hire, fire or modify the employment of its Account Representatives. Defendant controls the daily activities of its Account Representatives and monitors their performance.

6.5   Defendant has engaged and continue to engage in a centralized, widespread pattern and practice of FLSA violations and intentional schemes designed to undermine and avoid the minimum wage and overtime pay provisions of the FLSA on a systemic, corporate-wide basis.

6.6   There are numerous other similarly situated employees and former employees of

the Defendant who have been deprived of rights protected by the FLSA. Plaintiffs' claims against Defendant are typical of the claims of potential class members, as all are victims of a company-wide policy of improper payment practices and pay deductions.

6.7     Any employer who violates the provisions of section 206 or section 207 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.  29 U.S.C.A. § 216.

6.8     Plaintiffs' work for Defendant constitutes engagement in commerce or in production of goods for commerce, or employment in an enterprise so engaged.

6.9     Plaintiffs each worked or work in excess of 40 hours in a work week in Defendant's employ for which Defendant failed to pay such overtime compensation due Plaintiffs.

6.10    Defendant failed and fails to pay Plaintiffs the statutory minimum hourly wage of the state in which Plaintiffs are variously employed by Defendant.

6.11    The amounts due for overtime compensation or minimum wages, or both, are presently unknown by Plaintiffs, but such information is within exclusive custody control of Defendant.

6.12    Plaintiffs hereby request a determination and award of overtime compensation or minimum wages, or both, liquidated damages, reasonable attorney's fees, and costs.

6.13    Plaintiffs attach to this Complaint their written consents to become plaintiffs in a collective action.

## COUNT III

## BREACH OF CONTRACT

7.1    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

7.2    Implicit in every contract is a term that it complies with the law.  Implicit in employment contracts between Defendant EMG and Plaintiffs' and the Class Members is that the latter would be paid lawful wages and that only lawful deductions would be taken from their paychecks.

7.3    Plaintiffs and Class members performed, tendered performances, or were excused from performing their contractual obligations under their employment contracts with Defendant EMG.

7.4    Defendant EMG breached its contracts with Plaintiffs and Class Members as described above by not paying them as required by law and by taking deductions from their pay not authorized by law.

7.5    Defendant's breach of its employment contracts with Plaintiffs and Class Members caused injury to Plaintiffs and the Class Members.

## COUNT IV

## UNJUST ENRICHMENT

8.1    Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

8.2    By the acts alleged herein, Defendant EMG has received benefits from Plaintiffs and Class Members under circumstances that make it unjust for Defendant EMG to retain those benefits.

8.3    Specifically, Plaintiffs and Class Members worked for Defendant without being

paid an equivalent minimum hourly wage. Plaintiffs and Class Members were required to attend mandatory training and orientation sessions without pay and required to perform other employment without pay. Defendant took unauthorized deductions from Plaintiffs' and Class Members' pay.

  8.4 At the same time, Defendant EMG retained benefits resulting from its refusal to pay lawful wages to Plaintiffs and Class Members and from its unlawful deductions from their pay.

  8.5 As a consequence, Defendant EMG is liable to pay wages due and owing to Plaintiffs and members of the Class and to repay them the deductions unlawfully taken from their pay.

## VI. DEMAND FOR JURY

  9.1 Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial in the above-entitled action

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. For an Order declaring that this action may be maintained as class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for an Order certifying this case as a class action and appointing Plaintiffs as representatives of the Class;

2. For judgment against the Defendant for Plaintiffs' damages suffered as a result of the conduct alleged herein, to include liquidated damages, interest and pre-judgment interest;

3. For a judgment against the Defendant for Plaintiffs' reasonable attorneys' fees and costs;

**First Amended Complaint**
*McClurkin v. Eliot Management Group, LLC*              **Page 15**
N.D. Tex. Civ. No.   3:11-cv-3499

4. For a judgment against the Defendant for exemplary damages and for civil penalties and interest as allowed by the minimum wage and overtime laws of the Plaintiff States;

5. For an order and judgment awarding to the named Plaintiffs an appropriate incentive award for bringing this suit; and

6. Such other and further relief as the Court deems just and equitable.

DATED this 18th day of January 2012.

        **REICH & BINSTOCK, LLP**

        s/ Debra Brewer Hayes
        _____

        Debra Brewer Hayes
        Charles Clinton Hunter
        **REICH & BINSTOCK, LLP**
        4265 San Felipe, Suite 1000
        Houston, TX  77027
        (713) 622-7271 Tel.
        (713) 623-8724 Fax
        dhayes@dhayeslaw.com
        chunter@reichandbinstock.com

        Stephen M. Hansen
        **LAW OFFICES OF**
        **STEPHEN M. HANSEN**
        **1703A DOCK STREET**
        **TACOMA, WA 98402**
        STEPHENMHANSEN@GMAIL.COM
        (253)302-5955

        **Attorneys for Plaintiffs**