IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL McCLURKIN, STEPHEN WILCZEK, TANYA HEILAMN FETHER, ETHAN SMITH, and BERNARD POWERS, On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> ELIOT MANAGEMENT GROUP, LLC, <br><br> Defendant. | § § § § § § § § § § § § § § § | 3:11-CV-3499-P |

**ORDER**

Now before the Court is Plaintiffs' and Defendant's Joint Motion for Final Approval of Settlement, filed on October 26, 2012. (Doc. 20.) After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS the Joint Motion for Final Approval of Settlement and ORDERS as follows:

1. The Court, for purposes of this Final Judgment and Order Approving Settlement ("Final Judgment") adopts the capitalized terms and their definitions set forth in the Stipulation of Settlement [Doc. 12] and the Joint Motion for Final Approval of Settlement [Doc. 21].

2. The Court finds it has original jurisdiction over Plaintiffs' Fair Labor Standards Act ("FLSA") section 216(b) claims because they arise under federal law. The Court also finds it has supplemental jurisdiction over the Federal Rule of Civil Procedure 23 claims because they are so related to the Section 216(b) claims that they form part of the same case or controversy. The Court further finds that the exercise of supplemental jurisdiction is proper because the state law claims derive from a common nucleus of operative facts and are such that Plaintiffs would

ordinarily be expected to try them all in one judicial proceeding. The Court further finds that maintaining the actions together also serves the purposes of judicial economy, convenience, fairness, and comity.

3. The Court finds that final certification of the Settlement Classes solely for purposes of settlement is appropriate under Rule 23 and the FLSA in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Classes which predominate over any individual questions; (c) claims of the named Plaintiffs are typical of the claims of the Settlement Classes; (d) the named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Classes; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court finds that that terms contained within the Stipulation of Settlement are in all respects fair, reasonable, adequate, just and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23 ("FRCP 23"), and all other applicable laws, and in the best interest of the parties and the Class. Specifically the Court finds: (a) there is no evidence that the settlement was obtained by fraud or collusion; (b) in the absence of settlement, this case will be difficult, and expensive, and will take substantial time to resolve; (c) the Parties have conducted adequate discovery and the litigation is at a stage where the Parties can make a well informed decision; (d) Plaintiffs' likelihood of success is uncertain; (e) the Settlement properly reflects the range of possible recoveries and uncertainty of damages.; and (f) Class Counsel and the Named Plaintiffs endorse the settlement, and there are no well-founded objections.

5. The Court finds that the Settlement is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.

6. Pursuant to FRCP 23 and FLSA section 216(b), the Settlement Classes as finally certified consist of :

   a. FLSA Settlement Class

   All persons who were employed by EMG as Account Representatives from May 7, 2007 through April 3, 2011 (the "FLSA Class Period").

   b. Oregon Settlement Class

   All persons who were employed by EMG as Account Representatives from January 12, 2005 through April 3, 2011 (the "Oregon Class Period") in Oregon.

   c. General State Settlement Class

   All persons who were employed by EMG as Account Representatives from May 7, 2007 through April 3, 2011 (the "General State Class Period") in Arizona, California, Colorado, Florida Illinois, Idaho, Indiana, Minnesota, Missouri, North Carolina, Nebraska, New Mexico, New York, Nevada, Ohio, Oklahoma, Texas, Utah, Washington, or Wisconsin.

7. For settlement purposes only, the Court finds the Settlement Classes as certified satisfy the requirement of FRCP 23, the FLSA, the United States Constitution, and all other applicable law.

8. The Court finds that the Notice Program authorized by the Court (Document # 19) and carried out by the Parties constituted the best notice practicable under the circumstances to the Settlement Classes and fully complied with the requirements of due process and of all applicable laws and statutes.

9. The Court finds that, in light of the Named Plaintiffs', Michael McClurkin, Stephan Wilczek, Tanya Heilman, Ethan Smith and Bernard Powers, willingness to come forward with

this action and in light of their efforts in advancing the litigation, an incentive award of Five Thousand Dollars ($5,000) to each represents a reasonable amount.

10. The provisions of this Judgment are applicable to and binding upon all claims, brought in this cause under state law, for all Class Members[1] in the Oregon Class and in the General State Settlement Class. The provisions of this Judgment are also applicable to and binding upon all claims, brought in this cause under the FLSA, for all Class Members in the FLSA Settlement Class who properly opted into that class.

11. To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the Parties and the Court to be *res judicata* and to prohibit, enjoin and preclude any prior, concurrent or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Named Plaintiffs or any Class Members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses arising out of or relating to claims asserted in the cause and resolved under the Stipulation of Settlement.

12. The Court finds that no person who was included within the definition of the Oregon Class and in the General State Settlement Class requested exclusion from the applicable State Class. Therefore, all persons who meet the definition of the Oregon Class and the General State Settlement Class are bound by this Final Judgment and by the Stipulation of Settlement and are conclusively deemed to have fully, finally, and forever settled and released all claims asserted in the cause and resolved under the Stipulation of Settlement.

13. The determination of attorneys' fees and reimbursement of expenses shall be addressed in a separate order.

---

[1] Also referred to as Potential Class Members in the Stipulation of Settlement.

14. The provisions of this Final Judgment are entered as a result of an agreement and stipulation of the Parties. The Parties' Stipulation of Settlement and this Final Judgment are not intended to be, and shall not be construed as, any admission, express or implied, of any fault, liability or wrongdoing by Defendant Eliot Management Group, LLC.

15. With respect to persons who were eligible to, but did not opt into the FLSA Settlement Class, Class Counsel has stipulated, and the Court agrees, that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, of or to any person who was eligible for but failed to opt into the FLSA Settlement Class, could place Class Counsel in an untenable conflict of interest with the Settlement Classes. Accordingly, Class Counsel and their respective firms are henceforth prohibited (only to the extent that it is otherwise not violative of any applicable professional rules) from representing, encouraging, soliciting or otherwise assisting, in any way whatsoever (including but not limited to referrals to other counsel) any person in pursuing claims that could have been brought in this cause through opting-into the FLSA Settlement Class.

16. The Court directs the parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of the Stipulation of Settlement and the following schedule:

   a. On or before January 14, 2013, the Claims Administrator will complete its determination of claim amounts and provide an account of the determination to counsel for the Parties.

   b. On or before February 13, 2013, Defendant will transfer to the account established by the Claims Administrator funds sufficient to pay the claims as determined by the Claims Administrator.

   c. On or before February 28, 2013, the Claims Administrator will distribute claim payments in check form.

d.  All claim checks not negotiated on or before May 29, 2013 will be considered void.

17.  The Court retains jurisdiction for the specific purpose of enabling any party to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of this Final Judgment, for enforcement of compliance herewith, and the punishment of violations hereof, any suit, action, proceeding or dispute arising out of or relating of the Stipulation of Settlement and this Final Judgment.

18.  All of the claims in this action shall be and hereby are DISMISSED with prejudice and without leave to amend.

**IT IS SO ORDERED.**

Signed this 4th day of December, 2012.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE